**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**MELANIE WHISLER**

**Plaintiff,**

**v.**

**INTIER AUTOMOTIVE
INTERIORS OF AMERICA, INC.,**

**Defendant.**                              **No. 05-CV-0857-DRH**

**<u>ORDER</u>**

**HERNDON, District Judge:**

Now before the Court is Defendant's November 20, 2006 motion for summary judgment (Doc. 18). Specifically, Defendant moves for summary judgment arguing that judgment should be enter in its favor because Plaintiff failed to show that: (1) at the time of her termination she was exercising her rights under the Illinois Workers' Compensation Act; (2) at the time of her termination Defendant was aware of her intent to file a workers' compensation claim or even aware that she claimed a work-related injury; and (3) Defendant's reason for terminating her employment – she tested positive for Methadone – was a pretext. As of this date, Plaintiff has not responded to the motion for summary judgment. Pursuant to **Local Rule 7.1(c),** the Court finds this failure an admission of the merits of the motion.[1] Thus, the Court

---

[1]"An adverse party shall have **thirty (30) days** after the service (*see* FED. R. CIV. P. 6) of the movant's motion in which to serve and file an answering brief. Failure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion." **Local Rule 7.1(c)**.

**GRANTS** Defendant's motion for summary judgment (Doc. 18).  Further, the Court

**DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 4th day of January, 2007.


/s/　　　David　RHerndon
**United States District Judge**